[Civ. No. 3528. Fourth Dist. Feb. 26, 1947.]

EDWARD A. KELLY et al., Appellants, v. M. PETER OCHS et al., Respondents.

Mack, Werdel & Bianco for Appellants.

Kaplan & Livingston for Respondents.

MARKS, J.—This is an appeal from a judgment refusing to quiet plaintiffs' title to property in Kern County against an interest under an oil lease, dated January 14, 1936, and an assignment, dated September 17, 1940, of interest under that lease and made from plaintiffs to M. Peter Ochs and Lester Cutler.

The original lease is not before us but evidently one well had been drilled on the property down to an upper oil zone prior to the assignment which provided that the lessees deepen that well to a second zone, and, under certain conditions they were to drill three additional wells, paying the assignors an over-riding royalty.

The assignees deepened the first well and drilled another. They built a derrick for a third well but did not proceed with drilling operations because, as they claim, the outbreak of war together with federal regulations and shortages of materials prevented their proceeding with the work.

The two wells were not very productive and sanded up frequently. They were cleaned out at various times and put back on production.

There was no production from the wells during March, April, May and June, 1943. There was production from July, 1943, to January, 1944, both months inclusive. At the time of the trial one well was producing about eleven barrels of oil a day and the other about twenty-five barrels a day.

Under date of June 16, 1943, the assignors gave written notice to the assignees that they were in default in four particulars and that "YOU ARE HEREBY required to comply with the terms of said lease and assignment as provided therein and within the time therein limited, and remove said default under said Lease and Assignment or the undersigned will take further legal proceedings as set forth in said Lease and Assignment." It is admitted that this notice was received by the agent of the assignees on June 23, 1943.

No other notice of default or of cancellation of the assignees' interest was ever given. The complaint to quiet title was filed on July 12, 1943.

The notice of default contained four specifications: 1. That the assignees had failed to carry out their drilling obligations in that they had drilled only two wells on the property. 2. That they had failed to pay the assignors the royalty from oil produced from the first well. 3. That they had failed to pay them the royalty from the oil produced from the second well. 4. That they had failed to operate the two wells with reasonable diligence and in accordance with good oil field practices.

■■■ The portion of the forfeiture clause in the assignment which is material here reads as follows: ''Upon the violation of the Assignee of any of the terms or conditions of this assignment and the failure to begin to remedy the same within ten (10) days after written notice from the Assignor so to do, at the option of the Assignor, this assignment shall forthwith cease and terminate, and all rights of the Assignee in and to said land be at an end.''

As soon as the agent of the assignees received the notice of default he communicated with a man in Bakersfield who had done work for him before with the request that he put the wells on production or, if he could not do it himself, he secure some one else to do so. There was some delay in securing competent persons to do the work but it is undisputed that he did find and did engage two men; that they started to move their machinery onto the leased property on July 3, 1943, the tenth day after the notice of default was served; that there was a mechanical failure in transportation which prevented the machinery from reaching the property until July 4; that actual work of cleaning out well number two was started July 5, 1943, and was completed about July 10, 1943; that it produced oil thereafter. Well number one was put on production at a later date. On July 2, 1943, the agent for the assignees mailed a check to the assignors for an amount which he then believed was due them as their royalty for the oil produced. The check was returned. No question was then raised as to the amount or form of the tender. Another royalty check was also refused.

The forfeiture clause of the assignment is somewhat unusual in form. It only required the assignees ''to *begin* to remedy'' the default within ten days in order to cure it. The undisputed evidence clearly shows that the assignees began to remedy the default within the required ten days. The mailing of the royalty check was certainly a beginning. The success-

ful search in good faith to find persons to put the wells on production was also a beginning. If it had not been for a mechanical failure the machinery and men to put at least one well on production would have been on the property on the tenth day. The good faith of the assignees is shown by their proceeding with the work as rapidly as possible, and that well number two was actually put on production about two days before this action was filed. Under these circumstances the trial court correctly held that the assignees had not lost their rights under the terms of the assignment because of their earlier default.

■ Plaintiffs raise one other question that requires brief consideration. The complaint joined M. Peter Ochs with Lester Cutler, the Kenneth Oil Producing Company and others as defendants. Only Lester Cutler and Kenneth Oil Producing Company appeared and answered. In the judgment the trial court held that M. Peter Ochs and Lester Cutler were the owners of the assignees' interest under the assignment. It is now urged that this was error.

There is nothing to show that Mr. Ochs was ever served with process or that his default was entered.

Plaintiffs were endeavoring to quiet their title against the interest of the assignees under their assignment of the oil lease. To be successful it was necessary for them to prove a sufficient default and failure to remedy such default on the part of the assignors as well as a good and sufficient notice. Having failed to do this they cannot recover and are not injured by the form of the judgment.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.